**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY D. CHERRY,**

    **Plaintiff,**

**vs.**                                        **CASE NO. 4:07CV149-MP/AK**

**JAMES B. MCDONOUGH,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 seeking damages for each day he has been forced to work as "slave labor" because of his incarceration. (Doc. 1). The complaint has been reviewed pursuant to 28 U.S.C. §1915A, and it recommended that the complaint be dismissed as frivolous without service upon the defendant.

To proceed in federal court, Plaintiff must raise constitutional issues, and it is fairly decided among federal courts that there is no constitutional right to be compensated for labor in the prisons. Siglar v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1969), *cert denied* 395 U.S. 940 (1969); Manning v. Lockhart, 623 F.2d 536 (8th Cir.

Case 4:07-cv-00149-MP-AK   Document 9   Filed 05/10/07   Page 2 of 2

Page 2 of 2

1980); <u>Woodall v. Partilla</u>, 581 F.Supp 1066 (D.C. Ill. 1984); <u>Borror v. White</u>, 377 F.Supp. 181 (D.C. Va. 1974).  Forced prison labor is not considered employment and is not subject to the Fair Labor Standards Act.  <u>Danneskjold v. Hausrath</u>, 82 F.3d 37 (2nd Cir. 1996).  Neither is voluntary work done for the good of the prison.  (*Id.*).  This is true even when inmates work for a private non-profit corporation, such as PRIDE, referred to by Plaintiff in his complaint.  <u>Gambetta v. Prison Rehabilitative Industries and Diversified Enterprises, Inc. (PRIDE)</u>, 112 F.3d 1119 (11th Cir. 1997).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 10th day of May, 2007.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:07cv149-mp/ak**