IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY D. CHERRY,

    Plaintiff,

v.                                                        CASE NO. 4:07-cv-00149-MP-AK

JAMES B. MCDONOUGH,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 9, Report and Recommendation of the Magistrate Judge, recommending that Defendant's complaint, filed under 42 U.S.C. §1983, be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge filed the Report and Recommendation on Thursday, May 10, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Plaintiff, a pro se prisoner, states that he is being forced to perform slave labor at the Florida State Hospital, in violation of Article XIII of the Constitution, and requests damages for this alleged constitutional violation. Because there is no constitutional right to be compensated for labor in prison, the Magistrate recommends dismissing this case for failure to state a claim. Plaintiff has filed objections to the Magistrate's Report, in which he argues that because he was not "duly convicted" of a crime, it is a violation of the Thirteenth Amendment for Defendant to require him to perform uncompensated labor as punishment for the crime. As the underlying conviction has not been overturned or invalidated, this claim is clearly barred by Heck v.

Humphrey, 512 U.S. 477 (1994). Heck holds that a prisoner cannot advance a claim under 42 U.S.C. § 1983 where success on that claim would "necessarily imply the invalidity of his conviction or sentence . . . unless . . . the conviction or sentence has already been invalidated." Id. at 487. Here, Plaintiff's objection requires the invalidity of his conviction in order to state a claim. Because Plaintiff's conviction has not been overturned, the Court agrees with the Magistrate that Plaintiff has failed to state a claim, and that this case must be dismissed.

Therefore, having considered the Report and Recommendation, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 9, is adopted and incorporated by reference in this order.

2. This case is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant.

3. The Clerk is directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this  *8th* day of June, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge